### HENDERSON et al. v. MILLER et al.*
(No. 11668.)

(Court of Civil Appeals of Texas. Fort Worth. May 15, 1926. Rehearing Denied June 19, 1926.)

**1. Constitutional law ⬤⇒45.**

Authority to determine constitutionality of statute, or whether action of board of school trustees is violative of constitutional right, is exclusively function of judiciary.

**2. Constitutional law ⬤⇒80(2)—District court had exclusive jurisdiction of constitutional questions arising in suit to enjoin school boards from annexing territory (Acts 39th Leg. [1925] c. 59 [Vernon's Ann. Civ. St. 1925, arts. 2922a–2922l]; Rev. St. 1925, arts. 2682, 2686).**

Where one of grounds for relief in suit to enjoin township and county school boards from enforcing resolution annexing common school districts was contention that Acts 39th Leg. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922l), was unconstitutional, district court, under Rev. St. 1925, art. 2682, had jurisdiction to exclusion of appellate agencies under article 2686.

**3. Courts ⬤⇒475(1).**

Court acquiring judisdiction of suit for one purpose retains jurisdiction to determine entire controversy.

**4. Schools and school districts ⬤⇒37(5).**

That first resolution of county school board annexing common school districts to independent district was not in conformity with Acts 39th Leg. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922l), did not deprive board from passing subsequent resolution conforming to law.

**5. Statutes ⬤⇒122(2).**

Authority given board of county school trustees under Acts 39th Leg. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, art. 2922a), to annex common school districts to independent district, held sufficiently expressed in title of act as required by Const. art. 3, § 35.

**6. Schools and school districts ⬤⇒22.**

Acts 39th Leg. (1925) c. 59, § 1 (Vernon's Ann. Civ. St. 1925, art. 2922a), held to authorize annexing common school districts to independent district to area of 100 miles, notwithstanding Rev. St. 1925, arts. 2757, 2765, particularly in view of section 13 repealing conflicting laws.

**7. Schools and school districts ⬤⇒22.**

Acts 39th Leg. (1925) c. 59, § 1 (Vernon's Ann. Civ. St. 1925, art. 2922a), granting authority to annex common school districts to independent district without consent of voters of districts annexed, held valid, in view of Const. art. 7, § 3.

**8. Schools and school districts ⬤⇒22.**

Acts 39th Leg. (1925) c. 59 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922l), held not void as taxing common school districts annexed to independent district to pay off pre-existing indebtedness, since section 8 expressly provides such taxes can be assessed only on vote of tax-paying voters.

Appeal from District Court, Cooke County; H. S. Holman, Special Judge.

Suit by E. H. Henderson and others as trustees of Johns Branch Common School District No. 88 and others against J. B. Miller and others, as Trustees of the Valley View Independent School District and the members of the County Board of Trustees. Judgment for defendants, and plaintiffs appeal. Affirmed.

W. O. Davis and Adams & Jones, all of Gainesville, for appellants.

Garnett & Garnett and Murphy & Murphy, all of Gainesville, for appellees.

Dan Moody, Atty. Gen., Weaver Moore, Asst. Atty. Gen., amicus curiæ.

DUNKLIN, J. Acting under and by virtue of the authority of the provisions of chapter 59, p. 204, of the Acts of the Thirty-Ninth Legislature of 1925 (Vernon's Ann. Civ. St. 1925, arts. 2922a–2922l), the board of county school trustees of Cooke county, on June 20, 1925, in regular session, passed the following resolution:

"The superintendent and school board of the independent school district of Valley View appeared in a body before the county school trustees and requested that the Valley View independent district be converted into a rural high school district under the authority of House Bill No. 38. They asked that they be united with the common school districts of Johns Branch No. 88 and Lone Oak No. 40, explaining that all districts embraced were contiguous territory to the Valley View district, and each elementary school would be located within a distance not to exceed 3½ miles. The Valley View committee further pointed out that every year they were called on to accommodate many transfers from each of the common school districts above mentioned, and they saw no reason why they should not be united into one contiguous territory for high school purposes.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused November 3, 1926.

"The Valley View board produced statistics to show that it was costing their district something like $45 per pupil per year to school their children under the present system, and that in future years they would be forced to charge a monthly tuition of not less than $5 per month for pupils transferred to the Valley View district if lawful, and should the court continue to hold it unlawful for districts to make a charge above the state and county funds they would not be financially able to maintain their present school and accept transfers from these neighboring school districts. It was further explained to the county board of education that Johns Branch had made no effort the past few years to provide any sort of high school education for children residing within their district. They have never levied a local maintenance tax of more than 20 cents on the $100 valuation, and the past year employed a teacher holding only a second grade certificate. The same argument applies to Lone Oak except they have never levied more than 10 cents on the $100 valuation for maintenance tax. On the other hand, the Valley View independent school district has striven the past few years to maintain a good high school for their children as well as their neighbors at a cost of approximately ten times that of their neighboring elementary school above mentioned. The county school trustees surveyed the above situation, and, being convinced the above plan would be for the betterment of all districts concerned, the following resolution was unanimously adopted and passed:

"Under the authority of House Bill No. 38, we, the county board of school trustees in and for Cooke county, being in regular session on this the 20th day of June, 1925, hereby unite, consolidate, and join for rural high school purposes the three contiguous school districts of Valley View independent, Johns Branch No. 88, and Lone Oak No. 40. All provisions of the law pertaining to rural high school districts of the above-named bill are to be carried out and obeyed by all parties concerned."

Before the passage of that resolution the board of trustees of the Valley View independent school district had, on June 17, 1925, passed a resolution requesting the county board of school trustees to consolidate the three school districts mentioned by annexing Johns Branch common school district No. 88 and Lone Oak common school district No. 40 to the Valley View independent school district.

On September 21, 1925, E. H. Henderson, T. R. McCrary, and W. E. Johns, as trustees of Johns Branch common school district No. 88, and Q. G. Calhoun, Luther McCollum, and Lon Dyer, as trustees for the Lone Oak common school district No. 40, instituted this suit in the district court of Cooke county against the trustees of the Valley View independent school district and the members of the county board of school trustees for a writ of injunction restraining each and all of the defendants from enforcing and putting into effect the aforesaid resolution of the county board of school trustees annexing the two common school districts to the independent school district, and also restraining the defendants from in any manner interfering with the maintenance of the schools in the two common school districts mentioned.

The grounds upon which the injunction was sought were allegations in plaintiffs' verified petition to the following effect: That the Valley View independent school district, organized as an independent school district on June 9, 1892, was incorporated as such under the general laws for school purposes only as a town of exceeding 200 inhabitants, and now has and has had for many years a scholastic population exceeding 150. That the Johns Branch common school district and the Lone Oak common school district were also organized as common school districts many years ago. All three districts mentioned have ever since their organizations been managed and controlled by duly elected boards of trustees, who have maintained schools in their respective districts in a manner satisfactory to all concerned. In each of the two common school districts a teacher has been employed by the trustees and arrangements made for the maintenance of schools for the current scholastic year. Notwithstanding that fact, the trustees of the Valley View independent school district are proceeding to take charge of the two common school districts and dismiss the teachers so employed and to abolish the schools heretofore maintained therein, and will accomplish that end unless restrained from so doing by an order of court. The scholastic population in each of the common school districts now exceeds and for many years has exceeded 20 pupils of scholastic age, and the daily attendance at each of said school exceeds 20, but if such daily attendance is less than 20, the same was due to sickness or other temporary causes. In each of said common school districts good and efficient schools have been maintained for seven months in each year, and there is no desire upon the part of the residents of said common school districts to be annexed to the Valley View independent school district, nor was any one in either of said common school districts consulted in reference to the proposed consolidation or annexation. That the Valley View independent school district, prior to said attempted consolidation, contained an area exceeding 13,000 acres, and the proposed consolidation would increase its area more than 25 square miles, which would be in excess of the maximum area of 25 square miles fixed by statutes for independent school districts. That the children of scholastic age in the two common school districts are remote from the schoolhouse in the Valley View district, and the distance is too great for them to walk to that school, thus rendering it inconvenient, if not impossible, for them to attend school in the independent district. That the act of the Legislature, under which the board of county school trustees, known as House Bill No. 38, is unconstitutional and void, first, because the provisions under which these proceedings

were taken are not expressed in the title of the act; second, because it confers upon an independent school district, to which common schools have been attached, the power to impose upon such common school districts the indebtedness theretofore contracted by the independent district; and, third, because it attempts to interfere with an existing independent district not by general or special law, but seeks to delegate to the board of county school trustees the power to do so without the consent or concurrence of the territory proposed to be annexed.

On September 30, 1925, the board of county school trustees passed another resolution, which reads as follows:

"Whereas, we, the county board of education in and for Cooke county, Tex., did on the 20th day of June, A. D. 1925, by resolution duly passed, annex Johns Branch common school district No. 88, and Lone Oak common school district No. 40 to the Valley View independent school district, which said resolution was duly entered on the minutes of said meeting;

"And whereas, the resolution and order so entered by said board was and is unskillfully drawn so that the same is in some respect and in some of its provisions, obscure, uncertain, and indefinite, and does not as clearly and definitely set forth the character, object, and purpose of the annexation so made as might be wished, thus giving rise to doubts and speculation as to the true meaning and intention thereof;

"And whereas, it was clearly the intention and purpose of said board at said meeting to annex said common school districts to the Valley View independent school district as and in conformity with an Act of the Thirty-Ninth Legislature entitled an act 'providing for a better system of rural high schools in the various counties of this state,' providing for the annexation of common school districts containing a scholastic population of less than 400 to an independent school district containing a scholastic population of more than 150;

"And whereas, as an evidence of the purpose and intention of said board at its meeting on said 20th day of June, A. D. 1925, said enlarged district has from thence been conducted and operated as an independent school district and in conformity with the law relating thereto, and with said act of the Thirty-Ninth Legislature known as H. B. No. 38:

"Now, therefore, be it resolved by the county board of education that the following resolution and order be and the same is hereby made and entered upon the minutes of said board as declaratory and in explanation of resolution and order of said board on said 20th day of June, 1925, now for then, relating to the action of this board annexing said school districts:

"Whereas, Johns Branch common school district No. 88 and Lone Oak common school district No. 40 each contain a scholastic population of less than 400, and the Valley View Independent School District contains a scholastic population of more than 150;

"And whereas, said districts are contiguous and together contain an area of less than 100 square miles;

"And whereas, the average daily attendance of said Johns Branch and Lone Oak common school districts for the year 1924–1925 was less than 20, the average daily attendance of said Johns Branch district for said year being 10, and the average daily attendance of said Lone Oak district for said year being 15:

"Now, therefore, be it resolved by the county board of education of Cooke county, Tex., that Johns Branch common school district No. 88 and Lone Oak common school district No. 40 be and the same are hereby annexed to the Valley View independent school district; provided, however, that the existing board of trustees of said Valley View independent school district shall have control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts as provided by general law; and provided further that said enlarged district shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of law now in force and that may be hereinafter enacted governing other independent school districts, and shall in all other respects conform to and be governed by said act of the Thirty-Ninth Legislature known as H. B. No. 38."

On the same day the board of trustees of the Valley View independent school district met in called session and passed a resolution ratifying, confirming, and approving the two resolutions passed by the board of county school trustees, set out above.

A copy of all the resolutions passed by the board of county school trustees and by the board of trustees of the Valley View independent district were attached to the defendants' answer, which was filed on October 1, 1925, and were made parts of said answer, together with allegations to the effect that the second resolution passed by the board of county school trustees was passed for no other purpose except to make definite, clear, and certain the purpose and intent of the board in passing the first resolution. It was further alleged in the answer that all three of the districts mentioned are situated in Cooke county, are contiguous to each other, and have a combined area of less than 100 square miles; that Johns Branch and Lone Oak districts each have a scholastic population of less than 400, and the Valley View district a scholastic population of more than 150.

The defendants further alleged that the Valley View district is now being conducted and will be conducted as an independent school district as provided by law governing independent school districts, and as provided by the act of the Thirty-Ninth Legislature, referred to above. The defendants further alleged that no teacher has been employed in either of said common school districts, and they specifically deny that any teacher in either of the common school districts had ever been dismissed on account of the annexation of those districts to the independent district. The defendants further alleged that the proposed annexation would result in lasting benefit to the common school districts, in

that those districts were unable to maintain schools except for short terms, and 'that the average daily attendance in the Johns Branch school district for the year just prior to said annexation was 10, and that in the Lone Oak district was 15. It was further alleged that prior to the annexation there had been a large number of transfers of pupils from the common school districts to the Valley View district, by reason of greater advantages afforded them in the way of better buildings and teachers and the school term of longer duration.

Defendants further alleged that the funds available for the maintenance of the two schools in the common school districts were insufficient to maintain schools therein, and that by reason thereof the attendance upon those schools had been practically abandoned; that the local tax voted by those districts was 20 cents on the $100 in the Johns Branch district, and 10 cents on the $100 in the Lone Oak district, and no effort had been made or disposition manifested to increase the school fund.

It was further alleged that since the annexation of the common school districts to the independent district by the board of county school trustees, the Valley View district had incurred great expense in enlarging and increasing its faculty, providing books and equipment necessary to care for the children of said districts, and has provided commodious, safe, and convenient transportation for the children of said districts in order for them to attend school in the independent district. Defendants further alleged that the act of the Legislature was in all respects valid, and that the proceedings of the two boards of trustees were authorized thereby. The answer so filed by the defendants was duly verified.

Plaintiffs' petition was heard and determined on its merits by the district court, on January 23, 1926, and upon that hearing judgment was rendered denying to them the relief prayed for. Thereafter the trial judge filed the following conclusions of fact and law:

"1. On the 20th day of June, 1925, proceedings were had by the Cooke county board of education as set forth in Exhibit A to the plaintiffs' first amended original petition, which proceedings are made a part of this finding, and afterwards, on September 30, 1925, said Cooke county board of education passed a resolution, a copy of which is attached to the defendants' amended original answer as Exhibit D and made a part of this finding, which two resolutions are all that the record of the Cooke county board of education showed in reference to the matter.

"2. On June 17, 1925, proceedings were had by the board of school trustees for the Valley View independent school district as shown by Exhibit A to defendants' amended original answer, and afterwards, on September 30, 1925, proceedings were had by the board of said independent district as shown by Exhibit E to

said amended original answer, which two exhibits are made a part of this finding.

"3. The town of Valley View in the county of Cooke, on June 9, 1892, was incorporated under the general law for school purposes only, with an area of approximately 13,000 acres, and has ever since been an independent school district with a scholastic population of exceeding 150, and its area has never been reduced.

"4. Lone Oak for more than 25 years preceding said annexation proceedings was a common school district adjoining the Valley View independent on the east and having an area of 5,822 acres, and for the scholastic year ending in the spring of 1925 had a scholastic population of 32, but the average daily attendance for that year was 15; and that Johns Branch School district had been a common school district in said county for more than 25 years preceding said annexation proceedings having an area of 3,745 acres abutting the Valley View independent district on the west, and having a scholastic population of 33 for the year ending in the spring of 1925, but an average daily attendance of 10. In the Lone Oak district, schools had been maintained for a period of six months each year, and in the Johns Branch district for a period of seven months each year.

"5. Neither the patrons nor the trustees of either of said common school districts were consulted by the county board of trustees of the Valley View independent district in reference to their proposed annexation to said independent district, or were notified that such proceedings were contemplated, and the trustees of said common school districts did not know of the annexation proceedings until September, 1925.

"6. Said two common school districts were discontinued on September 30, 1925, by the Valley View independent school trustees as shown in Exhibit E to defendants' amended original answer.

"7. The plaintiffs filed this suit without first having appealed from the action of the county board to the state superintendent and the state board of education.

"8. Teachers were not employed for said common school districts for the year beginning in the fall of 1925.

## "Conclusions of Law.

"1. I conclude as a matter of law that article 2757, Revised Statutes, limiting the territory of independent school districts, does not apply to districts enlarged by the board of county school trustees by annexing one or more common school districts to an independent school district having a scholastic population of more than 150, as provided in House Bill No. 38, c. 59, passed by the Thirty-Ninth Legislature.

"2. I conclude that the board of county school trustees of Cooke county was authorized under House Bill No. 38, c. 59, passed by the Thirty-Ninth Legislature, and under the facts of this case to annex Johns Branch and Lone Oak common school districts to Valley View independent school district for the purposes for which said new district was formed, and that their action was legal and binding on all concerned.

"3. I conclude that said House Bill No. 38, c. 59, passed by the Thirty-Ninth Legislature, is constitutional in all respects.

"4. I am inclined to the opinion that plaintiffs

in this suit before filing same should have prosecuted an appeal from the action of the board of county school trustees to the state superintendent and other proper school authorities, but since I feel that it is to the interest and welfare of the community that this case be adjudicated upon its merits as quickly as possible, in the event I am in error as to my opinion on the jurisdiction of the district court, I overrule the defendants' plea in abatement and to the jurisdiction.

"5. Under the facts and law of this case I find for defendants and deny the writ of injunction as prayed for."

While no plea in abatement was filed by the defendants, we assume that the trial court construed the general demurrer to plaintiffs' petition as sufficient to raise that question. This appeal has been prosecuted by the plaintiffs in the case.

The following are sections of chapter 59 of the Acts of the Thirty-Ninth Legislature which became effective 90 days after March 19, 1925, the day of adjournment:

"Sec. 1. In each organized county in this state and in any county which shall hereafter be organized, the county board of school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts less than one hundred and fifty scholastic population, for the purpose of establishing and operating rural high schools. Provided, also, that the county board may annex one or more common school districts to a common school district having four hundred or more scholastic population or to an independent district having one hundred and fifty or more scholastic population upon the approval of the board of trustees of the common school district having four hundred or more scholastic population, or of the independent district having one hundred and fifty or more scholastic population, as the case may be; providing that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having one hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the schools thereof; provided, however, that the existing board of trustees of the said common or independent district shall have control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by general law.

"Sec. 2. Rural high school districts as provided for in section 1 of this act shall be classed as common school districts, and all other districts, whether common or independent, composing such rural high school district shall be referred to in this act as elementary school districts; provided that all independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in section 1 of this act shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein.

"Sec. 3. No rural high school district, as provided for herein, shall contain a greater area than one hundred square miles, or more than seven elementary school districts, except that the county school board of school trustees may form rural high school districts, as provided in section 1, containing more than one hundred square miles, upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose; and provided further, that the said board of county school trustees may form a rural high school district containing more than seven elementary districts upon a vote of a majority of the qualified voters in each of the elementary districts within such proposed rural high school districts. * * *

"Sec. 6. The county board of school trustees shall not have the authority to abolish or consolidate any elementary school district already established except upon the vote of a majority of the qualified electors residing in such elementary district; provided that when any school within an elementary district fails to have an average daily attendance the preceding year of at least twenty pupils it may be discontinued by the board of trustees of said rural high school district, and said district may be consolidated by the county board of school trustees with some other district or districts for elementary school purposes; provided that if there is more than one white or one colored school in such elementary school district the board of trustees of the said rural high school districts or an independent district, as the case may be, may consolidate such white or colored schools of the elementary district; and provided that the board of trustees of a rural high school district may transfer the pupils of one elementary district to another within the rural high school district, when the transfer is made from an elementary district of lower classification to one of high classification; and provided further that the board of trustees of a rural high school district may transfer pupils from an elementary district to any other elementary district within the rural high school district upon application of the parents or guardian of the said pupils.

"Whenever one or more common school districts are annexed to a common school district or to an independent district under the provisions of section 1, such common or independent district shall maintain elementary schools of such classification as the county board may designate in each district so annexed, for the same length of term provided for the schools of the said common school district or independent district. Provided such schools may be discontinued by the local board of trustees when the average daily attendance of any such schools for the preceding year is less than twenty. * * *

"Sec. 8. In the event any of the elementary districts included within a rural high school district or the common school districts annexed to a common or independent district, or the common school or independent district to which one or more common school districts are annexed, as herein provided for, have outstanding bonded or other valid indebtedness, then at an election for that purpose, or some future date,

to be designated by the proper authorities, as provided by general law, the question as to whether or not the said rural high school district, common school district, or independent school district as the case may be, shall assume and pay off such outstanding bonds or other indebtedness and whether a tax shall be levied therefor may be submitted to the qualified, taxpaying voters of such high school, common or independent district. If a majority of the votes cast at such an election favor the assumption of such indebtedness than such indebtedness shall become valid and subsisting obligations of the said rural high school districts, common school districts, or independent districts; and the board of trustees of such districts shall annually thereafter levy and collect sufficient taxes to pay the interest on the bonds so assumed as it accrues, and create a sinking fund which, in addition to the sinking funds already accumulated in the original bonded district or districts, will pay off and retire the said outstanding bonds when they shall become due. The said election providing for the assumption of such bonded or other indebtedness shall be called and held in accordance with existing provisions of law relating to elections for the issuance of bonds by common and independent school districts."

Article 2686, Rev. Statutes, reads as follows:

"All appeals from the decisions of the county superintendent shall lie to the county school trustees and from the said county trustees to the state superintendent and thence to the state board of education."

Article 2682 reads as follows:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

In Nance v. Johnson, 84 Tex. 401, 19 S. W. 559, the Supreme Court held that a suit by citizens and taxpayers would not lie to enjoin the trustees from paying a teacher's salary out of certain funds until the plaintiff had first resorted to the remedy of appeal provided by article 2686.

In Jennings v. Carson, 220 S. W. 1090, the Commission of Appeals affirmed the judgment of the district court, denying a writ of injunction to compel the board of school trustees to create a new school district without first resorting to an appeal to the state superintendent of public instruction.

In Freeport Independent School District v. Common School District, 277 S. W. 97, by the Commission of Appeals, the court held, as shown by the following from the syllabus of the opinion, that:

"Where independent school district, a district created by Acts 35th Leg. (Loc. & Sp. 1917), * * * unlawfully attempted to increase its boundaries to include a common school district, trustees of the latter could bring suit against such independent school district and its trustees to enjoin further proceedings for such annexa-

tion, and to declare acts of trustees and officers of such school district in attempted annexation void."

In Drake v. Yawn, 248 S. W. 726 (writ of error denied), the Court of Civil Appeals entertained jurisdiction of a judgment of the district court, restraining the defendants from interfering with an attempted consolidation of two school districts and validating such consolidation.

The case of Crabb v. Celeste Ind. School District, 105 Tex. 194, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146, by the Supreme Court of Texas, was a suit for injunction against the Celeste Independent School District to enjoin the collection of a special tax assessed on property in that district to support schools in an independent school district; the suit being brought by taxpayers residing in the territory which had been annexed to the independent district. The Supreme Court held that the taxes complained of had been illegally assessed.

In none of the three decisions last referred to is there any showing as to whether or not the plaintiffs in the suit had first resorted to the appeal prescribed by article 2686, and had been unable to obtain the relief prayed for through that channel before filing suit in the district court; and that question was not discussed in any of those decisions.

However, in the case last cited the decision hinged upon the provisions of section 3, art. 7, of the Constitution, which prescribed the mode of levying and collecting such a tax, and provided that the same must be upon a vote of two-thirds of the qualified taxpayers of the district voting at an election held for that purpose—the record showing that the assessment of the taxes was made without holding an election for that purpose.

[1] It is manifest that neither the board of county school trustees, nor the state superintendent, nor the state board of education, is vested with any jurisdiction to determine the constitutionality of any statute, or the question whether or not any action by any board of school trustees is violative of constitutional rights. Authority to determine such questions is exclusively the function of the judiciary, and therefore the court did not err in overruling the exception to the jurisdiction of the trial court.

As noted above, one of the grounds for the relief prayed for was the contention that the act of the Legislature was void because in violation of section 35, art. 3, of the Constitution, which requires the subject of an act of the Legislature to be expressed in the title of the act, and that the act was further violative of the constitutional provision guaranteeing citizens equal protection of the law.

[2, 3] The district court clearly had jurisdiction to determine those questions to the exclusion of the appellate agencies named in

article 2686; and it is a familiar rule that when a court acquires jurisdiction of a suit for one purpose it retains jurisdiction to determine the whole controversy  It may be that the Supreme Court entertained jurisdiction of the case of Crabb v. Celeste Ind. School District, cited above, under that doctrine.

It will be noted that in the first sentence of section 1, authority is given to form rural high school districts by grouping common school districts with an independent school district, if the independent district has less than 150 scholastic population, and in the second sentence of that section, the common school districts may be annexed to an independent district having a scholastic population of 150 or more.  In the present suit it will be noted that the court found that the Valley View independent school district has a scholastic population of exceeding 150. The final action of the board of county school trustees was under the provisions of the second sentence of section 1 of the act.

[4] We believe it to be of no material importance that in the first resolution passed by the board of county school trustees it was recited that the three school districts were thereby united and consolidated for rural high school purposes—the resolution reading as though the board was proceeding under the first sentence of section 1—instead of a recital that the two common school districts were annexed to the independent school district, as recited in the second resolution passed by the same board of September 30th. The second resolution, as shown in its recitals, was passed to make more definite and certain what was intended to be done by the first resolution, and it was in conformity with the provisions of the second sentence of section 1 for the annexation of common school districts to independent school districts. Even though it could be said that the first resolution passed was not in conformity with the provisions of the act, that fact would not deprive the same board from passing the second resolution, which it had authority to pass in the first instance, although it was passed after the institution of this suit.  The title of the act of the Legislature reads, in part, as follows:

"An act making provision for a better system of schools in the various counties of this state; providing for rural high school districts to be composed of such districts and conferring upon such boards authority to manage and control the schools thereof as prescribed herein; providing the method of forming such rural high school district and providing the manner in which school districts may be included in such rural high school districts and defining elementary school districts as referred to herein providing for the annexation of certain common school districts to other common and independent districts. * * * "

[5] We believe it clear that the power and authority given in section 1 to the board of county school trustees to annex common school districts to an independent district having 150 or more scholastic population, as was done in the present case, was sufficiently expressed in the title of the act.  Snyder v. Compton, 87 Tex. 377, 28 S. W. 1063; Wilkinson v. Lyon (Tex. Civ. App.) 207 S. W. 638, and other decisions there cited; State ex rel. Richardson v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 912.

[6] Article 2757, Rev. Statutes of 1925, provides that a town or village authorized by law to incorporate for municipal purposes, or having 200 inhabitants or over, may form an incorporation for free school purposes only, provided that the territory so incorporated shall not exceed an area of 25 square miles.  And article 2765 provides that territory may be added to an independent school district having an area of less than 25 square miles, upon a petition filed by a majority of the qualified voters of the added territory.  But sections 1 and 3 of the act of the Thirty-Ninth Legislature, set out above, authorizes the annexation of common school districts to an independent district, regardless of the area of the independent district, provided such area shall not be greater than 100 square miles.  Clearly, the Legislature had the right to change the general law theretofore existing on the same subject, and it is manifest that they intended so to do, if the provisions of section 1 of the act are to be given the construction which the language used clearly expresses.  And the title of the act is broad enough to express such a purpose.

Furthermore, section 13 of the act expressly provides that "all laws and parts of laws in conflict with any provision of this act are hereby repealed."  There is a further provision in the same section, to the effect that the provisions of the act, relative to the power and duties of the board of county school trustees, are to be construed as cumulative to the existing provisions of law relating to the said board of trustees and as not to repeal such provisions of law, yet that provision concludes with this language, "except such as are in direct conflict herewith."

Section 3 of article 7 of the state Constitution reads, in part, as follows:

"And the Legislature may. also provide for the formation of school districts by general or special law, without the local notice required in other cases of special legislation."

[7] It will be noted that by section 1 authority is given to the board of county school trustees to annex common school districts to an independent school district, without first obtaining the consent of the qualified taxpaying voters of the common school districts so annexed.  Authority so to do is clearly given

by the provision of the Constitution just noted, and it cannot be said that the act, therefore, is without constitutional authority. This question is fully discussed and determined in an opinion by Justice Looney of the Dallas Court of Civil Appeals in the case of McPhail v. Tax Collector, 280 S. W. 260 (writ of error denied). See, also, State v. Brownson, 94 Tex. 436, 61 S. W. 114, in which it was held that the Constitution vested in the Legislature a "free hand," in establishing school districts.

[8] There is no merit in the further contention that the act is void by reason of the fact that the common school districts, which have been annexed to the independent district, will be taxed for the purpose of paying off any pre-existing indebtedness of the independent school district, and therefore appellants will be denied the equal protection of the laws, since section 8 of the act expressly provides that no such taxes can be assessed, except upon a vote of a majority of the property taxpaying voters in the entire district. And by a majority vote of the entire district any pre-existing indebtedness incurred by the common school districts which have been annexed may likewise be assumed by the consolidated district; thus placing all constituent members of the consolidated district on an equal footing with respect to the indebtedness of each incurred before its annexation. Furthermore, there is no allegation in the petition that there is any such pre-existing indebtedness outstanding and unpaid.

For the reasons noted, all assignments of error are overruled, and the judgment of the trial court denying the relief prayed for by appellants, on the merits of the case, is affirmed.