**TERRELL et al. v. CLIFTON INDEPEND-
ENT SCHOOL DIST. et al.   (No. 668.)**

Court of Civil Appeals of.Texas.   Waco.
April 5, 1928.

Rehearing Denied April 26, 1928.

**1. Schools and school districts ⊂⊃22—Statute
providing for annexation of common school
districts to independent school districts held
not limited by provisions of Revised Statutes
(Rev. St. 1925, arts. 2922a–2922l).**

Rev. St. 1925, arts. 2922a–2922l (Laws
1925, c. 59), providing for better system of
schools in several counties of state and for an-
nexation of certain classes of common school
districts to certain classes of independent school
districts, incorporated in the published revision
of statutes as chapter 19a of title 49 by virtue
of Laws 1925, c. 104, § 5, *held* not limited by
any provision of the Revised Statutes, and such
articles control in case of conflict, in view of
section 22 of final title of Rev. St. 1925, pro-
viding that nothing therein contained shall re-
peal or in any wise affect validity of any law
passed by Legislature in that session.

**2. Schools and school districts ⊂⊃22—Consti-
tutional provisions held to invest Legislature
with plenary power with reference to creation
of school districts (Const. art. 7, § 3).**

Const. art. 7, § 3, providing Legislature
may also provide for formation of school dis-
tricts by general or special law, *held* to invest
Legislature with plenary power with reference
to creation of school districts.

**3. Schools and school districts ⊂⊃33—Order of
county board of school trustees annexing com-
mon school district to independent school dis-
trict held authorized (Rev. St. 1925, arts.
2922a, 2922b, 2922f).**

Order of county board of school trustees
annexing common school district containing less
than 50 scholastic population to independent
district, which was contiguous thereto and con-
tained more than 150 scholastic population,
being within discretion of members of board,
*held* authorized under Rev. St. 1925, art. 2922a,
providing county board of school trustees may
annex one or more common school districts to
independent district having 150 or more scho-
lastic population, articles 2922b, 2922f, being
unavailing, since they merely require that an
elementary school be maintained in common
school district unless attendance therein falls
below 20, and that such district cannot be abol-
ished for elementary purposes without vote.

**4. Schools and school districts ⊂⊃24(2)—Le-
gality of enlarged school district organized
and acting under color of law could be deter-
mined only in suit brought for that purpose
by state or under its authority (Rev. St.
1925, art. 2922a).**

Where, since order of annexation of com-
mon school district to independent school dis-
trict under Rev. St. 1925, art. 2922a, trustees
of independent district had continuously claimed
and exercised corporate authority over added
territory by causing to be held elections to de-
termine whether enlarged district should as-
sume indebtedness of independent district, levy
of taxes therefor and maintenance of schools
in enlarged district, enlarged district being a
quasi municipal corporation organized and act-
ing under color of law, its legality could be de-
termined only in a suit brought for that pur-
pose by the state or under its authority.

**5. Schools and school districts ⊂⊃24(2)—Res-
idents of common school district could not at-
tack order annexing it to independent school
district in suit to enjoin levy of taxes (Rev.
St. 1925, art. 2922a).**

Where county board of school trustees in
annexing common school district to independent
school district substantially complied with pro-
visions of Rev. St. 1925, art. 2922a, providing
that county board of school trustees could an-
nex one or more common school districts to
independent district having 150 or more scho-
lastic population, *held* that residents of common
school district could not complain of validity
of order of annexation in suit to enjoin levy of
taxes for payment of indebtedness existing
against independent school district.

**6. Schools and school districts ⊂⊃41(3)—Trus-
tees of independent school district after an-
nexation of common school district could or-
der election to determine whether indebted-
ness of "independent district" should be as-
sumed by enlarged district (Rev. St. 1925,
art. 2922h).**

In suit by residents of common school dis-
trict to enjoin levy of taxes for payment of in-
debtedness existing against independent school
district to which it was annexed by order of
county board of trustees, trustees of independ-
ent district after its enlargement *held* to have
authority to order election to determine by ma-
jority of vote of qualified property taxpaying
voters residing therein whether enlarged dis-
trict could assume and pay indebtedness of in-
dependent district, since under Rev. St. 1925,
art. 2922h, providing that question of assump-
tion of indebtedness should be submitted to vot-
ers of "independent district," "independent dis-
trict" meant enlarged district after annexation
of common district.

Error from District Court, Bosque County;
Irvin T. Ward, Judge.

Suit by J. B. Terrell and others against
the Clifton Independent School District and
others. From an interlocutory order dissolv-
ing a temporary injunction, plaintiffs appeal.
Affirmed.

James M. Robertson, of Meridian, for ap-
pellants.

H. J. Cureton, of Meridian, for appellees.

GALLAGHER, C. J.   This appeal is prose-
cuted from an interlocutory order of the
judge of the district court of Bosque county
dissolving a temporary injunction.   Clifton
Independent school district was incorporated
as such by a special act of the Legislature.
It is situated wholly within said county and
has a scholastic population in excess of 250.

---

For convenience it will be hereinafter designated as said independent district. Terrell district was, prior to May 7, 1927, a common school district, situated wholly within said county and contiguous to said independent district, and had at that time less than 50 scholastic population. Applications were then pending for the transfer of all but 11 of the children of scholastic age from said district to adjoining districts, a majority of said applications being for transfer to said independent district. A large majority of the patrons of said Terrell district signed a petition asking that the same be annexed to said independent school district. The trustees of said independent district approved the proposed annexation. The combined area of said independent district and said Terrell common school district was approximately 28 square miles. The county board of school trustees on May 7, 1927, made an order annexing said Terrell common school district to said independent district, "in accordance with the laws of Texas in such cases made and provided." Said independent district had at that time a bonded indebtedness of approximately $25,000, and said Terrell common school district had no such indebtedness. The board of trustees of said independent district thereafter ordered an election to determine by vote of the qualified property taxpaying voters of such district as enlarged whether such enlarged district should assume and pay the outstanding indebtedness of said independent district as it existed prior to such enlargement. Said election was duly held, and resulted in a majority of 91 votes for assuming such outstanding indebtedness. Said board of trustees also ordered an election to determine by vote of the qualified property taxpaying voters of such district as enlarged whether said board of trustees should have the power to annually levy and collect a tax on the property situated therein not to exceed $1 on the $100 valuation of such property. Said election was duly held, and resulted in a majority of 87 votes for the levy of such tax. The board of trustees of said independent district, in pursuance of the authority so conferred by the property taxpaying voters residing in said district as enlarged, levied a tax on all the property situated in such enlarged district for the year 1927 of 25 cents on the $100 valuation of property for the purpose of paying interest on and creating a sinking fund for the final discharge of said bonded indebtedness, and 75 cents on the $100 valuation of property for the support and maintenance of public free schools within said district. Said tax so levied was duly assessed against the property of the several plaintiffs in this suit situated in that part of the enlarged independent district which formerly constituted said Terrell common school district.

J. B. Terrell and 34 other property tax-

5 S.W.(2d)—51½

payers residing in said former Terrell common school district and against whose respective properties situated therein the taxes levied as aforesaid had been duly assessed, who are hereinafter designated as plaintiffs, applied to Hon. Irwin T. Ward, judge of the district court of said county, for an injunction restraining said Clifton Independent school district, the several trustees thereof, and the duly qualified and acting tax collector thereof, hereinafter styled defendants, from collecting or attempting to collect the school taxes so levied on the property of plaintiffs. Judge Ward upon consideration of said application on the 19th day of December, 1927, indorsed his fiat thereon restraining the defendants and each of them from collecting or attempting to collect any of the taxes so assessed. A writ of injunction was duly issued thereon and served on defendants. Defendants thereafter filed their answer and motion to dissolve such injunction. Said motion was heard in chambers on an agreed statement of facts, the material provisions of which have been hereinbefore recited. Said motion was granted by the court and said injunction dissolved, and plaintiffs here complain of said action.

### Opinion.

[1] The first and second propositions presented by plaintiffs as ground for reversal are based on the contention that the county board of school trustees were without statutory authority to annex Terrell common school district to said independent district. The Legislature at its regular session in 1925 (Gen. Laws 1925, p. 204) enacted a law making provision for a better system of schools in the several counties of this state, and provided therein for the annexation of certain classes of common school districts to certain classes of independent school districts. Section 13 of said act repealed all laws in conflict therewith. While the first 12 sections of said act were incorporated in the published revision of the statutes as chapter 19a of title 49 thereof, and as articles 2922a to 2922l inclusive, thereof, they constituted no part of the revised statutes as adopted by the Legislature, but were so incorporated under and by virtue of the provisions of an act providing for the publication of said statutes. Gen. Laws 1925, pp. 282, 283, § 5. Section 22 of the final title of the Revised Statutes provides that nothing therein contained shall repeal or in anywise affect the validity of any law passed by the Legislature at that session. We are therefore required to hold that the provisions of said articles 2922a to 2922l inclusive, are not limited by any of the provisions of the Revised Statutes, and that in case of an irreconcilable conflict, said articles must control.

[2] The Constitution of this state, section 3, art. 7, provides in part:

"* * * And the Legislature may also provide for the formation of school districts by general or special law."

This provision of the Constitution invests the Legislature with plenary power with reference to the creation of school districts. State v. Brownson, 94 Tex. 436, 439–440, 61 S. W. 114; McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 260, 263 (writ refused).

[3] The order of the board of school trustees of Bosque county here under consideration was made before the amendment of article 2922a and other articles of said chapter by the Act of June 8th, 1927 (Gen. Laws 1st C. S. 1927, p. 206). Article 2922a, so far as pertinent, read at that time as follows:

"The county board [of school trustees] may annex one or more common school districts * * * to an independent district having 150 or more scholastic population upon the approval of the board of trustees of * * * the independent district having 150 or more scholastic population, * * * provided * * * that the existing board of trustees of * * * said * * * independent district shall have control of the district as enlarged until the time for the next election and qualification of trustees for common and independent districts, as provided by general law."

Article 2922b, so far as pertinent, read at that time as follows:

"All independent school districts enlarged by the annexation thereto of one or more common school districts as provided for in article 2922a, shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided for herein."

Since Clifton Independent school district and Terrell common school district were contiguous, and since the former contained more than 150 scholastic population and the latter less than 50 scholastic population, and since the board of school trustees of said independent district approved the proposed annexation, all the facts required by article 2922a to invest the county board of school trustees with authority to order such annexation existed. Whether such annexation should or should not be made was a matter confided by said article solely to the discretion of the members of said county board. They exercised such discretion in favor of annexation and thereupon made and entered the order of annexation complained of herein. Plaintiffs contend in this connection that the provisions of article 2922f limit the provisions of article 2922a, and that the county board of school trustees was not authorized to make the annexation here complained of without a majority vote of the qualified electors residing in the Terrell district in favor of such annexation. Said article must be read in connection with that part of article 2922b

hereinbefore quoted. When so read and construed as a whole, said article 2922f merely requires that an elementary school be maintained in the old Terrell district, unless the daily attendance therein shall fall below 20, and that such district for elementary purposes cannot be abolished or consolidated with any other without the vote provided for therein. There is no contention that the independent district did not prior to said order of annexation maintain both a high school and an elementary school. Said article requires said independent district as enlarged to maintain an elementary school in the Terrell district, except in the contingency therein stated. The maintenance of such school is, however, merely an administrative duty on the part of the trustees of such independent district. The provisions of said article 2922f, properly construed, do not limit the exercise of the power conferred on the county board by said article 2922a, as contended by plaintiffs. Their contention that said county board was without authority to make the order of annexation complained of is without merit and is overruled. Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501, 507, 508, pars. 6–8 (writ refused); McPhail v. Tax Collector, supra, pp. 262, 263; Stinson v. Graham (Tex. Civ. App.) 286 S. W. 264, 265–266 (writ refused); County School Board of Angelina County v. Homer Common School Dist. (Tex. Civ. App.) 291 S. W. 268 et seq.

[4] There is another reason why the validity of such annexation should be sustained. Since said order of annexation was made, the trustees of the independent district have continuously claimed and exercised corporate authority over the added territory which formerly constituted the Terrell district, by ordering and causing to be held elections to determine whether the enlarged district should assume the indebtedness of the independent district and whether taxes should be levied to provide for the payment of such indebtedness and the maintenance of schools in the enlarged district, by levying the taxes so authorized and causing the same to be assessed against the respective properties of the plaintiffs herein, and by demanding the payment of such taxes. The enlarged district being a quasi municipal corporation, organized and acting under color of law, its legality can be determined only in a suit brought for that purpose by the state, or under its authority. Martin v. Grandview Independent School District (Tex. Civ. App.) 266 S. W. 607, 608 (writ refused), and authorities there cited.

[5] The third proposition presented by plaintiffs is that notwithstanding the county board of school trustees may have had authority to annex the territory included in said Terrell common school district to said independent district, the proceedings shown were insufficient to effect such annexation. The order of the county board making such annexation is

in the language of the statute and declares that the same is made in accordance with the laws providing therefor. No specific complaint of the sufficiency of such proceedings is made. While there is some confusion of terms in the record growing out of the use in some instances of the word "consolidate" instead of "annex," the order of the county board is specific and conforms to the requirements of article 2922a providing for such annexations. The annexation of a common school district to an independent district under the provisions of said article must be distinguished from the consolidation of two or more common school districts under the provisions of article 2806 of the Revised Statutes. County Board of School Trustes of Limestone County v. Wilson, 5 S.W.(2d) 805, this day decided by this court. There was such a substantial compliance with the provisions of article 2922a in making the order complained of that plaintiffs cannot in this suit, brought and prosecuted in their individual capacities, have such annexation declared void. Crabb v. Celeste Ind. School District, 105 Tex. 194, 197, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Martin v. Grandview Ind. School District, supra.

[6] The fourth and last proposition presented by plaintiffs is, in substance, that the trustees of said independent district, after its enlargement, had no authority to order an election to determine by a majority vote of the qualified property taxpaying voters residing therein whether said enlarged district should assume and pay the indebtedness of said independent district, and whether a tax should be levied therefor, and no authority, notwithstanding a majority vote at such election in favor of said propositions, to levy such tax upon the property of plaintiffs situated in said former Terrell district. Article 2922h of the Revised Statutes, being section 8 of said original act, provides in part:

"In the event * * * the common school districts annexed to * * * [an] independent district, or the * * * independent district to which one or more common school districts are annexed, as herein provided for, have outstanding bonded or other valid indebtedness, then at an election for that purpose, * * * the question as to whether or not the said * * * independent school district * * * shall assume and pay off such outstanding bonds or other indebtedness and whether a tax shall be levied therefor may be submitted to the qualified taxpaying voters of such * * * independent district. If a majority of the votes cast at such an election favor the assumption of such indebtedness then such indebtedness shall become valid and subsisting obligations of * * * said * * * independent districts; and the board of trustees of such districts shall annually thereafter levy and collect sufficient taxes to pay the interest on the bonds so assumed as it accrues, and create a sinking fund which, in addition to the sinking funds already accumulated in the original bonded district or districts, will pay off

and retire the said outstanding bonds when they shall become due."

The "independent district" authorized to order such election and, in event of a favorable vote, to levy and collect such taxes, is clearly the enlarged independent district after the annexation thereto of one or more common school districts. It is equally clear that under the provisions of said article such taxes should be levied upon all the property situated in such enlarged district, regardless of whether situated within the bounds of said independent district as originally constituted or within the bounds of a common school district annexed thereto. The provisions of said article were considered and upheld in Henderson v. Miller, supra, p. 508, par. 8, and writ of error was refused by our Supreme Court. The case of Burns v. Dilley County Line Independent School District (Tex. Com. App.) 295 S. W. 1091, cited and relied on by plaintiffs, is not in conflict with such holding. The independent district considered in that case was created by special act of the Legislature and included within its boundaries all of common school district No. 13 in Frio county and certain additional territory situated in La Salle county. Said common school district No. 13 had at the time an outstanding indebtedness amounting to $10,500, and had theretofore been duly authorized in accordance with the provisions of our Constitution and laws to annually levy and collect a tax of 90 cents on the $100 valuation of property situated therein, 15 cents of which were to provide for the interest on such indebtedness and to create a sinking fund to pay the same at maturity, and the remaining 75 cents were to provide a maintenance fund for the school of said district. It appears that the territory situated in La Salle county which was included in said independent district had not been previously assigned to any school district and therefore probably had no outstanding indebtedness. Said act creating said independent school district provided that all outstanding indebtedness of said Dilley common school district should be assumed by the independent district so created and was by the terms of said act made binding obligations thereof. Said act further provided that the local maintenance tax then existing in said Dilley common school district should be continued in the district so created until a majority of the qualified taxpaying voters thereof should change the same in the manner provided by law. No provision was made in said act for any election by the property taxpaying voters residing in the newly created independent district to determine whether the obligations of the former common school district should be assumed by such newly created district, nor whether it should be authorized to levy and collect a tax to pay such obligations and to maintain the schools established or to be established therein. The

court in that case, after reviewing various decisions of the Supreme Court, Commission of Appeals and Courts of Civil Appeals, held that since said act failed to provide for any election on these questions, it violated section 3, article 7, of the state Constitution, and was therefore void and ineffective to impose upon the newly created district an obligation to pay such prior indebtedness or to authorize it to levy and collect a tax for the payment thereof and the maintenance of schools therein. We think the reasonable inference from the language used is that if said newly created district had been authorized to assume such prior indebtedness and to levy such tax only after an affirmative vote of a majority of the qualified taxpaying voters residing therein, such provision would have been held valid and effective.

The judgment of the trial court dissolving the temporary injunction theretofore granted is affirmed.

STANFORD, J., took no part in the consideration and disposition of this case.