Ralph NEILL et al., Appellants,

v.

Robert COOK et al., Appellees.

No. 3597.

Court of Civil Appeals of Texas.

Eastland.

Nov. 11, 1960.

Rehearing Denied Dec. 2, 1960.

Turpin, Kerr, Smith & Dyer, Midland, Hooser & Hooser, Big Spring, for appellants.

**316**

Guilford L. Jones, Big Spring, J. C. Hinsley, Austin, for appellees.

PER CURIAM.

Ralph Neill and others, individually and as trustees of the Center Point Common School District No. 7, and Ulysses Hall and others, individually and as trustees of the Gay Hill Common School District No. 6, all of Howard County, sued Robert J. Cook and others, as trustees of the County School Board of Howard County, the County Superintendent and the Trustees of the Big Spring Independent School District. They sought judgment that the orders of the Board of School Trustees of Howard County annexing said common school districts to said independent district were void. They asked for a temporary injunction restraining defendants from carrying the annexation orders into effect and from taking possession of the records, property and assets of said common school district and from interfering with their operations and that, upon a hearing, the temporary injunction be made permanent. The defendants filed a plea to the jurisdiction of the court, alleging the suit was brought under the authority of Article 2682, which provides that:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

They called attention to Article 2686, which since 1927, provides that all appeals from the decisions of the county superintendent shall lie to said board of school trustees and that, should either party decide to further appeal such matters, they shall elect to appeal either to the court or to the state superintendent. Defendants alleged plaintiffs had appealed to the school authorities prior to filing this suit and that such action constituted an election under Article 2686 and, having so elected, the court had no jurisdiction until the adminis-

trative appeal had been determined, whereupon resort could be had only to a court in Travis County.

The court sustained defendants' plea to the jurisdiction and dismissed the case. Plaintiffs have appealed. They contend the court erred in dismissing the case for want of jurisdiction.

Prior to its amendment in 1927, Article 2686 provided that "all" appeals from the decisions of the county superintendent "shall" lie to the county school trustees, then to the state superintendent and thence to the state board of education. While said statute still so provided and before the amendment, in 1927, which authorized an appeal from the county board to either a court or the state superintendent, the case of Henderson v. Miller, Tex.Civ.App., 286 S.W. 501, 506 (Writ Ref.), was decided. It was there held that the district court, by virtue of Article 2682, had jurisdiction, to the exclusion of the school authorities, of a suit to enjoin the county school board from enforcing an order annexing common school districts to an independent school district when plaintiff alleged that the statute under which the school board acted was unconstitutional. The Court said:

"It is manifest that neither the board of county school trustees, nor the state superintendent, nor the state board of education, is vested with any jurisdiction to determine the constitutionality of any statute, or the question whether or not any action by any board of school trustees is violative of constitutional rights. Authority to determine such questions is exclusively the function of the judiciary, and therefore the court did not err in overruling the exception to the jurisdiction of the trial court.

"As noted above, one of the grounds for the relief prayed for was the contention that the act of the Legislature was void because in violation of section 35, art. 3, of the Constitution, which re-

quires the subject of an act of the Legislature to be expressed in the title of the act, and that the act was further violative of the constitutional provision guaranteeing citizens equal protection of the law.

"The district court clearly had jurisdiction to determine those questions to the exclusion of the appellate agencies named in article 2686; and it is a familiar rule that when a court acquires jurisdiction of a suit for one purpose it retains jurisdiction to determine the whole controversy. It may be that the Supreme Court entertained jurisdiction of the case of Crabb v. Celeste Ind. School District [105 Tex. 194, 146 S.W. 528, 39 L.R.A.,N.S., 601], cited above under that doctrine."

Certainly the 1927 amendment of Article 2686 which changed the apparently mandatory provision that "all" such appeals "shall" be to the school authorities to the right to elect to appeal either to the court or school authorities subtracted nothing from the exclusive power of the courts to determine whether such orders were made without legal authority and in violation of the constitution.

In Hale v. McMurrey, Tex.Civ.App., 22 S.W.2d 499, 501 (Writ Ref.), tried in 1929, it was held in an injunction suit, that when facts were alleged which, if true, showed the district was created without lawful authority, the district court had original jurisdiction without any appeal from the order complained of, notwithstanding Article 2686 which provided for an election to appeal to either court or school authority. The court cited Henderson v. Miller, supra, as authority for such holding. The last case it cited was Adams v. Miles, Tex.Civ. App., 300 S.W. 211, with reference to which it said:

"The last-cited case is squarely in point, notwithstanding Acts 40th Leg., 1927, c. 83, § 1, amending Rev.St.1925, art. 2686."

In Adams v. Miles, Tex.Civ.App., 300 S.W. 211, 214, the court said:

"The statutes provide that parties to controversies over the conduct of the public schools shall appeal from any action of the county superintendent to the county board of trustees, and that if either party desires to carry the appeal further he may elect, upon five days' notice of such election, to 'appeal to any court having proper jurisdiction, or to the state superintendent of public instruction.' Acts Reg.Sess. 40th Leg. 1927, p. 128. In prescribing this method of appeal, no exception is made in the character of controversies subject to the appeal. Upon its face the provision embraces all controversies subject to the appeal. Upon its face the provision embraces all controversies arising in the conduct of our public schools.

"But some of the courts have read exceptions into the statutes, as formerly embraced in article 2686, R.S.1925, which was amended by the act of 1927 above referred to. Under these authorities the rule seems to have emerged that appeals from actions administrative in their nature must be taken up through higher school authorities, as provided by article 2686, as amended, but that in matters in which the authority of the trustees to act under constitutional or statutory provisions is attacked, the parties complaining may take their causes directly to the courts, by mandamus or injunction, and there secure an adjudication of the question of whether in the action complained of the trustees have acted, or propose to act, within the authority given them under the Constitution and laws of the state. Henderson v. Miller, (Tex.Civ.App.), 286 S.W. 501; City of Dallas v. Mosely, (Tex.Civ.App.), 286 S.W. 497; Warren v. Sanger Dist., [116] (Tex.Civ.App.) [183], 288 S.W. 159; Johnson v. City of Dallas, (Tex.

Civ.App.), 291 S.W. 972; Trustees **v.** Stiff, (Tex.Civ.App.), 190 S.W. 216.

"Under that rule, we hold that because the real question presented is whether the trustees and county superintendent have authority, under the Constitution and laws of the state, to expend the surplus school funds in their hands in the construction of a building for housing the school faculty and such other purposes as the trustees may deem best in the conduct of the local school, the courts have jurisdiction of that question, and the trial court properly entertained the petition for injunction."

The judgment was reversed by the Commission of Appeals, 35 S.W.2d 123, 127, on other grounds, but that court held that the plea to the jurisdiction of the court was properly overruled.

Crow v. Burnet Independent School District, Tex.Civ.App., 304 S.W.2d 439, (Ref. N.R.E.), was a suit against an independent school district and an abstract company by persons owning property subject to taxation in said district to enjoin execution of a contract between the district and the abstract company on the ground that the contract was void because it attempted to authorize deficit spending. The defendants filed a plea to the jurisdiction, alleging that the matters pleaded by the plaintiff were peculiarly within the jurisdiction of the board of trustees and were matters of which the courts could not take jurisdiction until after plaintiffs had appealed to the school authorities. The plea to the jurisdiction was sustained and the case was dismissed. The Court of Civil Appeals held that it was required to accept the allegations of the plaintiff as true in passing on the plea to the jurisdiction and that the court erred in sustaining said plea and dismissing the case. It cited Bruce v. Stilwell, 5 Cir., 206 F.2d 554, 556, in which it was held that in Texas all matters pertaining to the administration of school laws, when questions of law were presented, as

contradistinguished from questions of fact, immediate resort to the courts was proper and that the question there presented became one of law for the court, since plaintiff's allegations must be taken as true in passing on a plea to its jurisdiction. In Mission Independent School District v. Diserens, 144 Tex. 107, 188 S.W.2d 568, our Supreme Court, in an opinion by Judge Simpson, held the district court had original jurisdiction of a suit by a school district against a music teacher to enjoin her from teaching in other schools in violation of her contract. In County Board of School Trustees of Young County v. Bullock Common School District, Tex.Civ.App., 37 S.W. 2d 829, affirmed Tex.Com.App., 55 S.W.2d 538, it was held, in 1931, that where plaintiffs alleged, as it was in the instant case, that the county board's order changing the boundaries of a common school district was invalid because no notice was given to the trustees of the common school district, that the county board abused its discretion and that the law under which the annexation was made was unconstitutional, as was alleged here, that the district court had original jurisdiction regardless of the provision of Article 2686 that a party should elect to appeal to either the court or school authorities. In Collin County School Trustees v. Stiff, Tex.Civ.App., 190 S.W. 216, 218, (Writ Ref.), it was held that a suit by school districts against the county school trustees to enjoin redistricting could be maintained "as an ordinary suit" under Article 2682 and that Article 2585, which then provided that "all" such appeals "shall" be to the school authorities had reference "purely to administrative and ministerial acts". State Line Consolidated School District v. Farwell, Tex.Com.App., 48 S.W.2d 616; Hooker v. State, 197 S.W. 481, (Writ Ref.) and Wilkinson v. Lyon, Tex.Civ.App., 207 S.W. 638, are to the same effect.

The county school trustees in passing the annexation orders here challenged purported to act under the authority of that part of Article 2922a which authorizes the coun-

ty school trustees to annex one or more common school districts to an independent school district having 250 or more scholastic population.

The plaintiffs alleged that the annexation orders were void because they were in violation of the Constitutions of the United States and Texas, in that they violated the due process clauses of both, because the decisions were made prior to the time the majority members of the board attended the meeting and neither the plaintiffs, nor the patrons of the schools, nor the public were advised that an attempt was to be made to annex said common districts and no notice was given; that said orders were made in violation of the statutes because they were made at a meeting not provided for in the statute, not at a regular meeting and not held at the time or place directed by Article 2687; that the statute under which the board purported to act is unconstitutional because the provision for annexing common school districts is not mentioned in the caption and because they did not require notice, nor the evidence be heard or considered and were, therefore, in violation of the due process clauses of both constitutions, U.S.Const. Amend. 14; Vernon's Ann.St.Const., art. 1, § 13; that said orders were arbitrary, capricious and constituted an abuse of discretion; that by said orders a school district of more than 100 square miles was created, which was not permitted by the law; because Gay Hill Common School District was not contiguous to the Independent School District to which it was annexed; because said orders were fraudulently passed in violation of the trust and confidence placed in said school trustees by plaintiffs and were detrimental to said common school districts.

In passing upon the plea to the jurisdiction the trial court was required to assume the truth of the facts alleged. The orders are attacked as being violative of the constitution and without lawful author-

ity. The school authorities under the cases cited, some of which were by or approved by the Supreme Court, have no power to decide such questions. Under the allegations, which are not attacked as being fraudulently made for the purpose of giving the court jurisdiction, the court had jurisdiction to the exclusion of the school authorities. If the court had exclusive jurisdiction to determine the matters alleged, plaintiffs could not elect to appeal to the school authorities, who had no power to determine same.

In State ex rel. Texas City Independent School Dist. v. LaMarque Independent School District, 258 S.W.2d 384, 389 (Ref. N.R.E.), cited by appellees, the Court of Civil Appeals did say that because appellant elected to appeal to the school authorities it could not resort to the courts until it had exhausted its remedy through school channels as required by Article 2686. However, the court considered and passed on the errors assigned and did not dismiss the case for want of jurisdiction. Furthermore, the opinion does not show that the plaintiff alleged that the actions complained of were in violation of the constitution and without lawful authority, as the plaintiffs alleged in this case.

What has been said is not intended to indicate any opinion as to the merits of the case, relative to which we respectfully call attention to State ex rel. Childress v. School Trustees of Shelby County, 150 Tex. 238, 239 S.W.2d 777; Board of District Trustees of Lanier Common School Dist. No. 49, Cass County v. Board of County School Trustees, Tex.Civ.App., 232 S.W.2d 100 (Ref.N.R.E.); Trinity Independent School District v. District Trustees, Tex. Civ.App., 135 S.W.2d 1021; Miller v. School Trustees, 52 S.W.2d 806, (Writ Ref.); and Beard v. Marshall, Tex.Civ. App., 32 S.W.2d 496, 500. Because plaintiffs alleged matters within the exclusive jurisdiction of the court, it erred in sus-

taining the plea to the jurisdiction and dismissing the case. The judgment is reversed and the cause is remanded for a trial on the merits.