**C. J. HIBBLER, Appellant,**

v.

**U. W. WALKER, Appellee.**

**No. A2220.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 9, 1980.

David F. Beale, John Michael Webb, Webb & Fant, Houston, for appellant.

Gary J. Schroeder, Gonzales, Patricia Wicoff, Houston, Houston C. Munson, Jr., Gonzales, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

MILLER, Justice.

This is an appeal from an order sustaining appellee's plea in abatement of a suit in the District Court of Harris County on the grounds of a prior subsisting suit in Bastrop County. We affirm.

Appellant, C. J. Hibbler, purchased the business and certain assets of two wholly-owned corporations from appellee, U. W. Walker, in consideration of $65,000.00 cash plus a promissory note of $185,000.00. The note was payable in 60 monthly installments, the first of which was due on March 18, 1976. When the November 18, 1978, payment came due Hibbler informed Walker that he did not intend to make the payment and was preparing to file suit claiming false and fraudulent statements in negotiations induced his entering the transaction. Appellant alleges that, at this point, appellee through his attorneys asked that a settlement conference be scheduled prior to his filing of the suit, and that such a conference was indeed scheduled for November 29, 1978.

On November 28, Walker sued on the note, in Bastrop County, and, allegedly, cancelled the settlement conference. On December 1 Hibbler filed his suit in Harris County, wherein he alleged that fraudulent statements by Walker had induced him to buy the business, and that the price of the business had been inflated by $132,000.00. He prayed for a cancellation of the balance of $108,000.00 which he then owed Walker, damages, punitive damages, and attorney's fees.

Appellee filed his plea in abatement, alleging that his prior subsisting suit in Bastrop County involved the same parties and cause of action. In his reply to the plea in abatement, appellant claimed that he had been fraudulently induced to delay his filing of the Harris County suit by appellee and his attorneys, and that, therefore, the Harris County District Court retained jurisdiction.

In preparation for the hearing on the plea, appellant subpoenaed Appellee Walker and one of his attorneys, Karl E. Kraft, for oral deposition. Neither complied. Walker did not appear, while Kraft appeared but refused to be deposed on the ground that the Harris County court lacked jurisdiction. Several motions were then presented to the court, including a motion for protection, motion to strike defendant's pleading and for default judgment, and suggestion of contempt and motion for attachment. None of these motions were ruled upon, but the trial judge, after a hearing, sustained appellee's plea in abatement.

Although a court reporter was present, neither side requested a record until this hearing was nearing completion. At that time Hibbler requested recordation and the proceedings were thereafter reported. The statement of facts submitted on this hearing is therefore incomplete and non-conclusive as to the proceedings that took place.

At the hearing on his motion for new trial, appellant attempted to reconstruct the proceedings at the hearing on the plea in abatement but the effort, in the main, was futile.

Appellant assigns numerous points of error, the first of which is that the trial court was in error in not conducting an evidentiary hearing on his claim of fraudulent inducement to delay suit prior to ruling on the plea in abatement.

■ It is settled law that "where two tribunals have coordinate jurisdiction over the subject matter the one which first acquires active jurisdiction shall retain its jurisdiction until the matter is disposed of . . . ." *Cook v. Neill,* 163 Tex. 49, 352 S.W.2d 258, 262 (1961). An exception to this rule exists, however, where a party is guilty of such conduct relating to the matter as to estop himself from asserting the active jurisdiction of the first court. *V. D. Anderson Co. v. Young,* 128 Tex. 631, 101 S.W.2d 798 (1937).

■ There is no doubt, therefore, that appellant was entitled to be heard on the question of whether appellee's asserted actions estopped him from relying on his prior filed suit to abate the second suit. From the state of the record it is impossible to determine whether or not Hibbler was permitted to introduce his evidence at the hearing on the plea in abatement. It must therefore be presumed that the trial court properly heard evidence to support its judgment. *Kelton v. Kelton,* 448 S.W.2d 569 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

■ Were we to conclude that no hearing was held on Hibbler's evidence, we must

yet uphold the judgment. It was Hibbler's duty to urge the court to receive evidence on his response to the plea of abatement. If he allowed the court to rule without receiving evidence of his reply, and without offer of same, that was tantamount to a waiver. *Parkview Gen. Hosp. v. Waco Const., Inc.,* 531 S.W.2d 224 (Tex.Civ.App.—Corpus Christi 1975, no writ). There can be no refusal to admit evidence which has not been offered. *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331 (Tex.Sup.1963). The following colloquy from the record is revealing:

> THE COURT: You want me to rule on the Motion for Production in addition to the plea in abatement?
>
> MR. MUNSON: We would like for you to rule on the plea in abatement. And that takes care of the whole thing.
>
> MS. WICOFF:[1] The plea has to be granted unless the Court finds fraud.
>
> THE COURT: All right. I'm going to sustain the plea in abatement.

At this point the hearing terminated. By his silence appellant's attorney waived all rights to present additional evidence. Appellant's first point of error is overruled.

■ In his second point of error, appellant complains of the court's refusing to allow him to depose Appellee Walker and Attorney Kraft. Certainly, the fact that these two did not allow themselves to be deposed pursuant to the subpoenas is lamentable and contravenes Rule 186a, Tex.R. Civ.P. However, a discovery order by the court under 215a, Tex.R.Civ.P. was necessary in order to enforce attendance at the deposition. *Barrientos v. Texas Employers' Insurance Ass'n,* 507 S.W.2d 900 (Tex.Civ. App.—Amarillo 1974, writ ref'd n.r.e.). As the excerpt from the record set forth above indicates, Hibbler by his silence at the hearing waived his right to have the court compel attendance. Appellant's second point of error is overruled.

■ Appellant next asserts that because no full statement of facts exists he is entitled to a reversal, and, in support thereof,

---

1. Mr. Munson and Ms. Wicoff were attorneys for the appellee.

cites *Rogers v. Rogers*, 561 S.W.2d 172 (Tex. Sup.1978). The holding in that case, however, was predicated on there being no fault or negligence on the part of the complaining party. In the case at hand a court reporter was present at all times. In addition, after the court reporter was instructed to begin recording the proceedings, Hibbler did not attempt to have those present repeat their prior statements or testimony in order that there be an adequate record. Error, if any, was waived. Appellant's third point of error is overruled.

We have carefully considered all of appellant's other points of error and find them without merit.

The judgment is affirmed.