Leon MITCHISON, Appellant,

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT, et al., Appellees.

No. B14–90–278–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1991.

Rehearing Denied Feb. 14, 1991.

Richard D. Strahan, George M. Kirk, Jr., Houston, for appellant.

Kelly Frels, Arturo G. Michel, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Leon Mitchison appeals from a judgment dismissing his wrongful termination suit against Houston Independent School District ("HISD"). In twelve points of error, Mitchison claims the trial court erred in (1) failing to file findings of fact and conclusions of law, (2) dismissing his cause of action because he failed to exhaust his administrative remedies, and (3) refusing to consider his motion for partial summary judgment on the merits. We affirm.

Mitchison was a principal at Milam Elementary School in HISD for approximately fourteen years. In 1984, Mitchison signed an Administrators/Supervisor's term con-

tract for a period ending on August 31, 1987. During the term of that contract, allegations were presented to HISD that Mitchison had violated certain provisions of his employment contract, and policies and procedures of the HISD board, by violating security regulations regarding standardized achievement tests. Through its investigation, HISD discovered Mitchison's actions occurred during the first two years of his three-year contract. HISD suspended Mitchison with pay pending its investigation.

After completing its investigation, the HISD administration concluded Mitchison violated the terms of his contract as well as board policies and procedures. Dr. Joan Raymond, general superintendent of schools for HISD, sent Mitchison written notice that HISD proposed not to renew his contract. Mitchison contested this notice by filing a petition for injunctive relief. He alleged HISD could not refuse to renew his contract because it failed to meet a prerequisite to nonrenewal under the Term Contract Nonrenewal Act.

In response to Mitchison's petition, Judge Marsha Anthony issued a temporary restraining order. After Judge Anthony issued the order, HISD revoked its notice of proposed nonrenewal and proposed to terminate appellant's employment. HISD gave Mitchison a hearing before an administrative panel and a subsequent appeal before the HISD board. After review of the transcripts of the administrative hearing, the HISD board voted to terminate Mitchison's employment.

Mitchison then filed an original petition contesting the board's determination. Prior to trial, Mitchison filed a motion for partial summary judgment alleging HISD breached its contract with him as a matter of law. HISD filed a plea to the jurisdiction, or plea in abatement, challenging the trial court's jurisdiction. HISD alleged Mitchison had failed to exhaust his administrative remedies and, therefore, the trial court had no jurisdiction over Mitchison's

suit. The trial court dismissed the suit for lack of jurisdiction due to Mitchison's failure to exhaust his administrative remedies.

■ In his first point of error, Mitchison claims the trial court erred in failing to file findings of fact and conclusions of law. The first request for findings of fact and conclusions of law must be made within ten days after judgment or the overruling of a motion for new trial. TEX.R.CIV.P. 296 (1989).* Once this request is made, the trial judge must prepare the findings and conclusions within thirty days of the signing of the judgment or the overruling of a motion for new trial. TEX.R.CIV.P. 297.

■ If the judge fails to make findings and conclusions within the thirty day time period, a second written complaint must be made within five days after such date. TEX.R.CIV.P. 297. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to five days from the date of the second request. A party waives the right to complain of the failure to file findings of fact and conclusions of law if he does not make both requests. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977).

■ Although Mitchison claims he filed a second request, it does not appear in our record. Mitchison attached a copy of a second request to his brief; however, that does not make the request a part of our record. An appellate court must hear and determine a case on the record as filed, and it cannot consider documents attached as exhibits or appendices to briefs or motions. *Perry v. Kroger Stores Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, writ denied). Therefore, Mitchison has waived the right to complain of the failure to file findings of fact and conclusions of law. We overrule point of error one.

■ In points two through twelve, Mitchison claims the trial court erred in finding it had no jurisdiction due to Mitchison's failure to exhaust his administrative remedies. School law requires any party

---

\* All references to rules 296 and 297 are to the 1989 rules that were in effect at the time the motions were made. The time periods have been changed by the 1990 rules, effective September 1, 1990.

challenging a teacher or administrator termination to exhaust all administrative remedies *before* resorting to the courts. *Mission Independent School Dist. v. Diserens*, 144 Tex. 107, 188 S.W.2d 568, 569 (1945); *Butler v. State Bd. of Education*, 581 S.W.2d 751, 755 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Mitchison claims he falls under several exceptions to that rule. He first claims his contract allowed him to elect whether to appeal to the commissioner of education or to the district court. The contract provision on which Mitchison relies is section 8, which provides:

> Except as otherwise provided in this contract, in the event action is taken under Section 5, the rights, duties, responsibilities and requirements of both parties to this contract shall be controlled by the provisions contained in Section 13.111–13.117, Texas Education Code, and any amendment thereto, such provisions being deemed a part of this contract as if fully set forth herein. An Employee notified of a proposed action to terminate under this Section shall, as set by Board policy, be given a reasonable number of days of paid sick leave to seek other employment, provided that the Employee's absence will not interfere with his or her assigned duties. This Section is subject to Section 10 of this Contract.

Section 13.115(a) of the Texas Education Code provides:

> If the board of trustees shall order the teacher discharged during the school year under Section 13.109 of this code, the teacher shall have the right to appeal such action to the commissioner of education, for review by him, provided notice of such appeal is filed with the board of trustees and a copy thereof mailed to the commissioner within 15 days after written notice of the action taken by the board of trustees shall be given to the teacher; or, the teacher may challenge the *legality* of such action by suit brought in the district court of any county in which such school district lies within 30 days after such notice of the action taken by the board of trustees has been given to the teacher. (emphasis added)

TEX.EDUC.CODE ANN. § 13.115(a) (Vernon 1972).

■ Mitchison claims the provision allowing a teacher to challenge the legality of the board's action by suit brought in the district court allows him to elect whether to appeal to the commissioner of education or to the district court. To the contrary, the provision is merely a legislative recognition of the judicially promulgated rule that, if the questions involved in the appeal are pure questions of law, the courts are available for review of the administrative action immediately, without prior exhaustion of the available administrative remedy. *Ball v. Kerrville Independent School Dist.*, 504 S.W.2d 791, 793 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e). When a teacher or administrator is terminated, questions of fact are involved and must be appealed to administrative authorities before it goes to the courts. *Garcia v. San Juan, Alamo Independent School Dist.*, 513 S.W.2d 636, 641 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e).

In his suit, Mitchison claims the investigation against him was biased and produced only untrustworthy information. He also contends the hearings held by HISD were similarly flawed. HISD denied all of Mitchison's allegations. The allegations and HISD's denial involve questions of fact and must be addressed in an administrative hearing.

Mitchison cites *Cook v. Neill*, 163 Tex. 49, 352 S.W.2d 258 (1961), in support of his proposition that mixed questions of law and fact may be appealed directly to the courts. Cook allows an aggrieved party to appeal directly to a state court even when the appeal involves questions of fact. *Cook*, however, concerns the supreme court's analysis of a statute that expressly permits direct access to the courts. *Id.* 352 S.W.2d at 260, n. 1; TEX.REV.CIV.STAT.ANN. art. 2686 (Vernon 1964) (codified as TEX.EDUC. CODE ANN. § 17.63, repealed by Acts 1979, 66th Leg., p. 1796, ch. 729, § 9, eff. June 13, 1979). Article 2686 concerns appeals from school districts under county administration and is inapplicable to appeals con-

cerning independent school districts, such as HISD. Appeals for independent school districts are governed by section 11.13 of the Texas Education Code, which requires a complainant to exhaust his administrative remedies when there are disputed fact issues.

Mitchison lists six other exceptions under which he claims his suit is proper without exhaustion of administrative remedies. Those are: (1) where school laws or school board actions are not the basis for the suit, (2) student discipline lawsuits, (3) where an injunction is sought and irreparable harm would result, (4) school board action without authority, (5) federal claims, and (6) tortious interference with a contract. The first two exceptions do not apply to Mitchison's lawsuit. The school board is the entity that terminated Mitchison and the school laws are applicable to termination cases. Obviously, this is not a case of student discipline. Therefore, we will review the other exceptions to determine if they apply to the facts of this appeal.

### Irreparable Harm

If the party will suffer irreparable harm, and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction to provide an adequate remedy. *Houston Federation of Teachers, v. Houston Independent School Dist.*, 730 S.W.2d 644, 646 (Tex.1987). A party demonstrates irreparable harm when he shows that an award of damages months later will not provide adequate compensation. *Id.* The commissioner of education is not authorized to order immediate injunctive relief. *Pasadena Independent School Dist. v. Emmons*, 586 S.W.2d 151, 152 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd).

Here, Mitchison has not shown that he will suffer irreparable harm by exhausting his administrative remedies. An award of damages months after his termination will not irreparably harm him as it would have harmed the teachers in *Houston Federation of Teachers v. HISD*. In that case, HISD attempted to lengthen the school day. The teachers filed suit claiming they would suffer irreparable harm because the

longer school day would affect their child care arrangements, transportation arrangements, and second jobs. *Houston Federation of Teachers v. HISD*, 730 S.W.2d at 645–46. Based on those facts, the court found irreparable harm. *Id.* at 646. Here, Mitchison has not demonstrated any harm other than economic harm. We find no evidence to show an award of damages would not adequately compensate him. The irreparable harm exception does not apply to Mitchison's termination.

### School Board Acting Without Authority

If the school board acted without authority and contrary to express statutes, the aggrieved party may appeal directly to the courts. *Bear v. Donna Independent School Dist.*, 74 S.W.2d 179, 180 (Tex.Civ.App.—San Antonio 1934, writ ref'd). The question we must answer is whether Mitchison alleged in his petition that the school board acted without authority.

Mitchison alleges HISD violated certain sections of the Term Contract Nonrenewal Act when it proposed not to renew his contract. HISD, however, revoked the proposed nonrenewal and terminated Mitchison's employment. The Term Contract Nonrenewal Act states that nothing in the act "shall prohibit a board of trustees from discharging a teacher for cause during the term of the contract." TEX.EDUC.CODE ANN. § 21.210 (Vernon 1972). Therefore, the school board acted within its authority when it terminated Mitchison's contract. Mitchison has failed to allege that the school board acted without authority in discharging him. Mitchison must first seek relief through higher school authorities before resorting to the courts. *Bear v. Donna Independent School Dist.*, 74 S.W.2d at 181.

### Federal Claims

Exhaustion of state administrative remedies is not a prerequisite to an action under 42 U.S.C. § 1983. *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982). Mitchison has made no such claim. Therefore, the federal claims exception is not available to him.

### Tortious Interference With a Contract

Mitchison next argues that he falls under an exception recently stated in *Stimpson v. Plano Independent School Dist.*, 743 S.W.2d 944 (Tex.App.—Dallas 1987, writ denied). In that case, the court held that, where the teacher sought damages with regard to parties acting outside the scope of their employment for the school district, he did not have to exhaust his administrative remedies. *Id.* at 946. The court reasoned that, because individuals were sued in their individual capacities, and not in their capacity as school officials, the requirement of exhaustion of administrative remedies in the Education Code did not apply. Mitchison's case does not fall under this exception. Mitchison has sued the school district and its board members in their official capacities. Therefore, he has not sought action against individuals acting outside the scope of their employment with the school district.

Mitchison must exhaust his administrative remedies before he may resort to suit in the district court. His case does not fall within any recognized exception to this rule. Therefore, the trial court properly dismissed Mitchison's suit and refused to consider the merits of his motion for partial summary judgment. We affirm the judgment of the trial court.