Dismissed and Memorandum Opinion filed August 23, 2005









Dismissed and Memorandum Opinion filed August 23,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00386-CV

____________

 

IN THE INTEREST OF
M.R.W.

 

 



 

On Appeal from the 310th
District Court

Harris County, Texas

Trial Court Cause No. 2003-33624

 



 

M E M O R A N D U M   O P I N I O N








Appellants, Marvinell and Gregory Harlan,
appeal the trial court=s order dismissing their case for want of
prosecution.  On June 18, 2003, the
Harlans filed their original petition for adoption of a child, M.R.W.  The Texas Department of Protective and
Regulatory Services (the ADepartment@) moved for the
psychological or psychiatric evaluation of Marvinell Harlan.  Mrs. Harlan agreed to undergo an
evaluation.  On October 23, 2003, the
trial court signed an agreed order granting the Department=s motion for a
psychiatric evaluation and ordering that Mrs. Harlan to submit to a custody
evaluation promulgated by the American Psychological Association.  After the agreed order was entered, Mrs.
Harlan changed her mind and decided not to submit to the court ordered
evaluation.  Consequently, after a
hearing on January 6, 2004, the trial court dismissed the Harlans= case for want of
prosecution.  

On appeal, the Department asserts the
Harlans lacked standing under the Texas Family Code to bring their suit for
adoption.  We agree.  Standing is a component of subject matter
jurisdiction, which is essential to a court=s power to decided
a case.  Bland Indep. Sch. Dist. v.
Blue, 34 S.W.3d 547, 553B54 (Tex. 2000); see
also Texas Dep=t of Transp. v. City of Sunset Valley, 146 S.W.3d 637,
646 (Tex. 2004) (AStanding is a constitutional prerequisite
to maintaining suit.@). 
The pleader is required to allege facts affirmatively demonstrating the
court=s jurisdiction to
hear the case.  Texas Ass=n of Bus. v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  As an element of subject matter jurisdiction,
standing cannot be waived and may be raised for the first time on appeal.  Waco Indep. Sch. Dist. v. Gibson, 22
S.W.3d 849, 850 (Tex. 2000); Texas Ass=n of Bus., 852 S.W.2d at
445B46.  

Section 102.005 specifically sets forth those parties who
have standing to file an original suit for adoption:

(1) stepparent of the child; 

(2) an adult who, as a result of a
placement for adoption, has had actual possession and control of the child at
any time during the 30-day period preceding the filing of the petition; 

(3) an adult who has had actual
possession and control of the child for not less than two months during the
three-month period preceding the filing of the petition; or 

(4) another adult whom the court determines to have had
substantial past contact with the child sufficient to warrant standing to do
so.

Tex. Fam. Code
Ann. ' 102.005 (Vernon 2002).

The Harlans= petition filed on
June 18, 2003, sets forth, in relevant part, that they: 

are
not related to the child the subject of this suit; and  

                                                    *        *       
*

seek to adopt the
following child and Petitioners request that said child be allowed to reside in
their home for the requisite six (6) month period . . .  








The Harlans do not allege any facts in
their petition demonstrating jurisdiction under section 102.005.  The Harlans do not assert that either one of
them is a stepparent to M.R.W. as required by subsection (1), but, instead,
admit they are not related to M.R.W.  Tex. Fam. Code Ann. ' 102.005(1).  Furthermore, by requesting that the child be
allowed to reside in their home, the Harlans admit that they had not had actual
possession and control of M.R.W. either Aat any time during
the 30-day period preceding the filing of the petition,@ or Afor not less than
two months during the three-month period preceding the filing of the petition@ as required by
subsections (2) and (3), respectively.  Id.
'' 102.005(2) and
(3).  Finally, the Harlans do not allege
in their petition that they had had substantial past contact with M.R.W. to
warrant standing to file the petition to adopt, as required by subsection
(4).  Id. ' 102.005(4).  

The Harlans point out that their petition
states M.R.W. Awill have lived in the home of Petitioners
for at least six months when this case is heard.@  This statement, however, does not establish
the requisites for standing under subsections (2) or (3), which require that
the party seeking to file an original petition for adoption have had actual
possession and control of the child for a specified period of time prior to
filing the petition.  See id. ' 102.005(2) (Aat any time during
the 30-day period preceding the filing of the petition@); ' 102.005(3) (Anot less than two
months during the three-month period preceding the filing of the petition@).[1]  Standing cannot be established after the
filing of a suit for adoption.  








The Harlans also have included in the
appendix to their appellate brief documents that are not part of the appellate
record, including documents under a different trial court cause number.  Because the attachment of documents as
appendices to appellate briefs is not formal inclusion in the record on appeal,
we cannot consider them.  Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th
Dist.] 2002, no pet.); Mitchison v. Houston Indep. Sch. Dist., 803
S.W.2d 769, 771 (Tex. App.CHouston [14th
Dist.] 1991, writ denied); see also Guajardo v. Conwell, 46 S.W.3d 862,
864 (Tex. 2001) (stating that order not included in clerk=s record would not
be considered).  Therefore, because these
documents were not part of the trial court=s record in this
case, we will not consider them.  

The Harlans assert documents attached to
various motions they filed establish that M.R.W. had resided with them at one
time.  While we do not pass on the
admissibility of documents attached to certain motions filed by the Harlans, we
observe that those documents do not show that the Harlans had met the specific
requirements of section 102.005 when they filed their petition on June 18,
2003.  

Finding that the Harlans lack standing to
file their suit for adoption, we conclude the trial court was without
jurisdiction to hear this case. 
Accordingly, we dismiss this appeal. 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed August 23, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  It is apparent
that the Harlans are attempting to establish standing under Section 102.003(9)
of the Texas Family Code, which provides general standing to file suit to Aa person, other than a foster parent, who has had
actual care, control, and possession of the child for at least six months
ending not more than 90 days preceding the date of the filing of the petition.@  Tex. Fam. Code Ann. ' 102.003(9) (Vernon Supp. 2004B05).  Without
deciding whether section 102.003(9) even applies to an original suit for
adoption only, we observe that the Harlans have not alleged facts sufficient to
establish standing because 102.003(9) requires the person filing suit to have
had actual care, control, and possession of the child for six months ending not
more than 90 days prior to filing suit, while the Harlans hope to
establish standing by satisfying the requisite time period after filing suit.