**Affirmed and Memorandum Opinion filed August 1, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00755-CV

---

## PAUL STEVEN JACOBS, Appellant,

## V.

## MELISSA ELLEN FIELDS JACOBS, Appellee.

---

### On Appeal from the 308th District Court
### Harris County
### Trial Court Cause No. 2011-14576

---

## M E M O R A N D U M   O P I N I O N

This accelerated interlocutory appeal arises from the trial court's orders granting temporary injunctive relief to appellee Melissa Ellen Fields Jacobs in her action to enforce a mediated settlement agreement incident to the parties' divorce. In four issues, appellant Paul Steven Jacobs contends that the trial court had no authority or jurisdiction to issue any orders and should have stayed Melissa's enforcement action because the trial court had previously ordered the parties to

arbitration. We affirm the trial court's temporary orders. We also deny Melissa's Rule 45 motion for damages against Paul.

## I

In November of 2011, Paul and Melissa entered into a Mediated Settlement Agreement (MSA) to settle issues relating to the division of property upon their divorce. Disputes arose in finalizing the divorce documents and Melissa moved to compel arbitration under the terms of the MSA, which provide:

> 7. **Arbitration**. The parties shall submit all (a) drafting disputes, (b) issues regarding the interpretation (but not enforcement) of this [MSA] to Thomas O. Stansbury as an arbitrator, whose decision shall be binding on the parties, including decisions on the payment of attorneys' fees and arbitration costs incurred as a result of the arbitration.

On December 13, 2011, the trial court granted Melissa's motion and ordered the parties to arbitration. Following the arbitration, the trial court signed an agreed final decree of divorce on January 18, 2012. Neither party appealed from this judgment.

When Paul allegedly refused to transfer certain assets within his control to Melissa, Melissa sued Paul in a new action to enforce the property division the parties agreed to in the MSA. Among other things, Melissa sought temporary injunctive relief to prevent Paul from hiding or secreting property which she alleged had been partitioned to her. The trial court granted injunctive relief to Melissa in temporary orders signed August 1 and 21, 2012. Paul appeals from these orders.

## II

On appeal, Paul contends that because the trial court had compelled the parties to arbitration in December 2011, it had no jurisdiction to issue the

2

temporary orders of August 1 and 21. As an alternative to his jurisdictional argument, Paul also argues that the trial court abused its authority or its discretion in signing the August 1 and 21 orders. For the same reason, Paul also contends the trial court erred or abused its discretion by denying his motion to stay and his motion to compel arbitration.

In response, Melissa argues that Paul fails to acknowledge that the order granting arbitration in December 2011 was issued in the parties' prior divorce suit to resolve drafting disputes concerning the MSA. The order expired, Melissa maintains, when the parties executed an agreed final decree of divorce and the trial court signed the judgment granting the divorce in January 2012.[1] Melissa also argues that arbitration would be improper in this enforcement action because issues related to enforcement of the MSA were expressly excluded from the scope of the arbitration agreement. Moreover, Melissa points out that the record does not show that Paul filed any motions to compel or to stay the proceedings in this enforcement action or that the trial court issued any rulings denying such relief.[2]

To determine whether arbitration is required in any given situation, two issues must be decided: (1) whether a valid, enforceable arbitration agreement exists and, if so, (2) whether the claims asserted fall within the scope of the

---

[1] Below, Paul appeared to take the position that the agreed final decree of divorce, signed January 18, 2012, does not properly incorporate the terms of the MSA and contains no language either rendering a judgment granting a divorce or dividing the community estate. However, Paul does not urge this position on appeal, and we express no opinion on the merits of this argument.

[2] Melissa also objects to documents Paul attached to his appellate brief which are not included in the appellate record. This court has repeatedly held that documents attached to an appellate brief which do not appear in the record may not be considered by the court. *See, e.g.*, *San Jacinto Methodist Hosp. v. Bennett*, 256 S.W.3d 806, 815 n.4 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 n.2 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Therefore, we sustain Melissa's objection and disregard those documents.

3

agreement. *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 879 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *IKON Office Solutions, Inc. v. Eifert*, 2 S.W.3d 688, 693 (Tex. App.—Houston [14th Dist.] 1999, no pet.). A court has no discretion and must compel arbitration if the answer to both questions is affirmative. *IKON Office Solutions, Inc.*, 2 S.W.3d at 693.

Melissa does not dispute that a valid arbitration agreement exists under the terms of the MSA, but she argues that the claims asserted in her action to enforce the partition of property upon divorce fall outside the scope of that arbitration agreement.[3] Whether the parties' agreement imposes a duty to arbitrate a particular dispute is a matter of contract interpretation and a question of law for the court. *Kline v. O'Quinn*, 874 S.W.2d 776, 782 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

When deciding whether claims fall within an arbitration agreement, courts employ a strong presumption in favor of arbitration. *In re Rubiola*, 334 S.W.3d 220, 225 (Tex. 2011). In determining whether a claim falls within the scope of an arbitration agreement, we focus on the factual allegations of the complaint, rather than the legal causes of action asserted. *Prudential Sec. Inc., v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995). A court should not deny arbitration unless the court can say with positive assurance that an arbitration clause is not susceptible of an interpretation that would cover the claims at issue. *Osornia v. AmeriMex Motors & Controls, Inc.*, 367 S.W.3d 707, 712 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Marshall*, 909 S.W.2d at 899). Nonetheless, the strong policy in favor

---

[3] In his appellate brief, Paul twice asserts that Melissa admitted or did not dispute that her claims fall within the scope of the MSA, but Paul cites no place in the record in which Melissa made such an admission concerning the claims made in her enforcement action and we have found none. Despite Melissa's argument that the arbitration agreement expired when the trial court signed a judgment in the divorce action on January 18, 2012, or the purposes of this appeal we presume the arbitration agreement still has some control over the parties' dispute.

4

of arbitration cannot serve to stretch a contractual clause beyond the scope intended by the parties or allow modification of the unambiguous meaning of the arbitration clause. *Id.*

Melissa and Paul's arbitration agreement provides that the parties "shall submit all (a) drafting disputes, [and] (b) issues regarding the interpretation (*but not enforcement*)" of the MSA to the arbitrator. A review of Melissa's affirmative pleading reveals that all of her claims and factual assertions are made for the purpose of enforcing various terms of the MSA. Thus, by its plain language the MSA clearly and unambiguously excludes Melissa's enforcement action from the scope of the arbitration provision. *See id.* at 714–15 (concluding that trial court did not err by denying arbitration of claims outside scope of settlement agreement entered into in prior lawsuit); *IKON Office Solutions, Inc.*, 2 S.W.3d at 694–96 (concluding that plaintiff's claims were not within the scope of narrow arbitration clause).

Paul does not attempt to discuss the specific language of the arbitration provision or explain how Melissa's claims allegedly fall within the provision's scope; instead, Paul argues that Melissa's claims should be arbitrated because her "pleadings and motions assert claims that only exist because of the MSA," citing *Merrill Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 880 (Tex. App.—Waco 1992, writ denied) (noting that appellees' pleadings "assert claims that could have only arisen because the account agreement existed"). *Eddings* is distinguishable, however, because the arbitration clause in that case was broadly written, requiring arbitration in "*all controversies* which may arise between us, including but not limited to those involving any transaction or the construction, *performance or breach* of this agreement. . . ." *Id.* at 880 (emphasis added). In contrast, Melissa and Paul expressly excluded such claims from the scope of the

5

MSA's arbitration provision.

Therefore, because the claims Melissa asserts in her enforcement action are expressly excluded from the scope of the MSA's arbitration provision, we conclude that the trial court did not lack jurisdiction or authority to enter the temporary orders in this case and did not err or abuse its discretion in failing to order arbitration of Melissa's claims. We overrule Paul's issues and affirm the trial court's temporary orders.

## III

In addition to responding to Paul's appellate brief, Melissa also urges a motion requesting that this court imposes damage under Texas Rule of Appellate Procedure 45, arguing Paul's appeal is frivolous. Melissa argues that she has sought nothing other than to obtain possession and control of assets Paul agreed should be partitioned and awarded to her upon divorce. According to Melissa, Paul—a licensed attorney—has failed to comply with the MSA, and "his actions and inactions in the underlying litigation have been designed solely to stonewall and delay the trial court proceedings by refusing to transfer and/or refusing to disclose the whereabouts of assets" previously awarded to her.

Further, Melissa argues that Paul's interlocutory appeal reflects further unmeritorious conduct intended to delay her recovery and cause her to incur substantial attorney's fees and expenses. Specifically, she notes that Paul twice requested supplementation of the appellate record for no apparent purpose, obtained five briefing extensions, and also filed two requests with this court for an emergency stay of the trial court proceedings, both of which were denied. Further, Melissa argues that Paul's appellate issues are "wholly frivolous" in light of her response, and that Paul's brief "either falsely represents or completely omits significant factual matters and events."

6

Texas Rule of Appellate Procedure 45 allows a court of appeals to award "just damages" upon determining that an appeal is frivolous. Tex. R. App. P. 45. Under Rule 45, this court may award just damages if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). "To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Id.* Rule 45 does not require this court to award just damages after every frivolous appeal; rather, the award of damages is a discretionary decision "exercise[d] with prudence and caution after careful deliberation." *Id.*

Although we are mindful of Melissa's frustration with Paul's attempts to delay the proceedings below and in this interlocutory appeal, we cannot say that Paul's appeal is so objectively frivolous that sanctions should be imposed. We therefore deny Melissa's Rule 45 motion for damages for filing a frivolous appeal.

\* \* \*

We overrule Paul's issues and affirm the trial court's orders. We also deny Melissa's motion to impose Rule 45 damages against Paul.


/s/    Jeffrey V. Brown
        Justice


Panel consists of Justices Brown, Christopher, and McCally.

7